UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES
OF AMERICA,

       Respondent,              CRIMINAL ACTION NO. 09-20239-3

vs.

                            DISTRICT JUDGE PAUL D. BORMAN

NAZIM AHMED,              MAGISTRATE JUDGE MONA K. MAJZOUB

       Petitioner.
_____/

## REPORT AND RECOMMENDATION

On February 15, 2011, Defendant Nasim Ahmed (Petitioner) pled guilty to Health Care Fraud in violation of 18 U.S.C. § 1347. He was sentenced to 38 months in prison. This matter is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255. (Docket no. 46.) The government filed a Response. (Docket no. 51.) On February 4, 2013, Petitioner filed a Motion to Expedite Pending Motion under 28 U.S.C. 2255. (Docket no. 52.). On March 11, 2013, Petitioner filed a Request to Withdraw Pending 2255 Motion. (Docket no. 53.) This matter has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 49). The Court is now ready to rule.

**I.**      **RECOMMENDATION**: This Court recommends that Petitioners' Request to Withdraw (docket no. 53) be treated as a Motion to Dismiss under Fed. R. Civ. P. 41(a)(2), and that his Motion to Vacate (docket no. 46) be **DISMISSED WITH PREJUDICE**. The Court also recommends that Petitioner's Motion to Expedite (docket no. 52) be **DENIED** as moot.

**II.**     **REPORT:**

1

**A.     Governing Law**

Petitioner moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Court may apply the Federal Rules of Civil Procedure in Section 2255 cases "to the extent that they are not inconsistent with any statutory provision or [the § 2255] rules."  Fed. R. Civ. P. 41(a)(2) provides for voluntary dismissal of a civil action by court order: when a plaintiff requests dismissal of a civil action and a defendant has already filed an answer or a motion for summary judgment, "an action may be dismissed . . . by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Such a dismissal is without prejudice "[u]nless the [court's] order states otherwise."  *Id.*

**B.     Analysis**

Petitioner's Request to Withdraw states, in full, as follows:

> With much reverence for this Honorable Court, I respectfully would like to withdraw this motion.
>
> Please confirm the withdrawal accordingly.

(Docket no. 53.)  Any confusion regarding the motion to which Petitioner refers is cleared up through the title of is Request to Withdraw: "Request to Withdraw Pending 2255 Motion Filed on February 21, 2012."  (*Id.*)  Plaintiff's Motion to Vacate (docket no. 46) was filed on February 24, 2012, but he certified its mailing on February 21, 2012.  (Docket no 46 at 6.)

The government responded to Plaintiff's Motion to Vacate, arguing that Plaintiff failed to claim a constitutional violation and, to the extent that he argued his counsel provided ineffective assistance, he did not state how his counsel's actions caused prejudice.  (Docket no. 51 at 2.)  Because the government responded to his initial Motion, Petitioner cannot voluntarily withdraw his claim without a court order.  Nevertheless, his intent is clear; Petitioner wishes to "withdraw [his]

2

motion." And the Court sees no reason to waste resources in deciding a motion that Defendant opposes and that Petitioner does not wish to have decided. The Court, therefore, recommends dismissing Petitioner's Motion to Vacate. The Court further recommends that such a dismissal be with prejudice because the government has already taken the time to respond to the motion once.

The Court is proceeding by Report and Recommendation in this matter for two reasons. First, proceeding in this manner appears prudent when granting Plaintiff's Motion to Withdraw would result in this matter being closed. Second, because Petitioner is proceeding *pro se*, this Report and Recommendation gives Petitioner an opportunity to object if the Court has misconstrued his intentions. *See U.S. v. Al-Nigrish*, No. 05-80439, 2011 WL 6307801 (E.D. Mich. Nov. 30, 2011) (Whalen, M.J.). If Petitioner disagrees with this Report and Recommendation, he may file his written objections within 14 days. If he agrees, he does not need to take any action.

### C.     Conclusion

For the reasons stated herein, Petitioners' Request to Withdraw (docket no. 53) should be treated as a Motion to Dismiss under Fed. R. Civ. P. 41(a)(2), and his Motion to Vacate (docket no. 46) should be **DISMISSED WITH PREJUDICE**. Petitioner's Motion to Expedite (docket no. 52) should, therefore, be **DENIED** as moot.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 19, 2013		s/ Mona K. Majzoub
				MONA K. MAJZOUB
				UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Nazim Ahmed and Counsel of Record on this date.

Dated: March 19, 2013		s/ Lisa C. Bartlett
				Case Manager